UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 97-112-KSF
(CIVIL ACTION NO. 12-07228-KSF)

UNITED STATES OF AMERICA                                                           PLAINTIFF

v.                                          **OPINION & ORDER**

LULUMMBA CLAY TRAVIS                                               DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion filed by the Defendant, Lulummba Clay Travis, *pro se*, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE #75]. The United States did not file a response to Defendant's motion. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

On August 28, 2012, the Magistrate Judge filed his Report and Recommendation [DE #76]. As a threshold matter, the Magistrate Judge considered whether this Court has jurisdiction to address Defendant's motion. The Magistrate Judge noted that the record reveals that Defendant previously filed a motion to vacate pursuant to 28 U.S.C. § 2255 on or around December 5, 2000 [DE #45]. Before a federal inmate may file a second or successive motion to vacate a sentence pursuant to § 2255 in the district court, the inmate must first file a motion in the Sixth Circuit Court of Appeals as provided by 28 U.S.C. § 2244(b), seeking authorization to file the motion to vacate in the district court. 28 U.S.C. § 2255; *In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997). Because Defendant has not indicated any reason for his second § 2255 motion, nor has he demonstrated any effort to obtain authorization from the Sixth Circuit to file a second § 2255 motion, the Magistrate Judge concluded

that this Court lacks jurisdiction to rule on Defendant's motion. Following the procedure described in *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), the Magistrate Judge recommended that Defendant's motion be transferred to the Sixth Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 1631.

No objections were filed to the Magistrate Judge's Report and Recommendation, and the time for filing same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's Report and Recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

For all of these reasons, the Magistrate Judge's Report and Recommendation will be adopted as and for the opinion of this Court. As determined by the Magistrate Judge, as Defendant has not obtained authorization pursuant to 28 U.S.C. § 2244(b)(3) to file a second or successive § 2255 motion, this Court lacks jurisdiction to consider Defendant's second § 2255 motion and will transfer it to the Sixth Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d at 47 ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the Magistrate Judge's Report and Recommendation [DE #76] is ADOPTED as and for the opinion of the Court;

(2) Defendant's Motion to Vacate [DE # 75] shall be TRANSFERRED to the Sixth Circuit Court of Appeals for certification pursuant to 28 U.S.C. § 1631; and

(3) This action shall be STRICKEN from the active docket of the Court.

This October 11, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge